# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK PATTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WASCO STATE PRISON,<br><br>　　　　Respondent. | Case No.  1:24-cv-00669-SKO (HC)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION<br><br>[THIRTY DAY DEADLINE] |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He is currently in the custody of the California Department of Corrections and Rehabilitation ("CDCR") at Wasco State Prison in Wasco, California.  He challenges a prison disciplinary hearing in which he was found guilty of possessing an illegal substance.  He claims the evidence was insufficient to support the guilty finding.  After conducting a preliminary review of the petition, the Court finds that Petitioner fails to present a *prima facie* claim for relief and will DISMISS the petition with leave to file an amended petition.

**I.　　PRELIMINARY REVIEW OF PETITION**

　　　　Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4 provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

1 direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that
2 the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule
3 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been
4 filed.

## II.      FAILURE TO STATE A *PRIMA FACIE* CLAIM

Petitioner states that on August 21, 2021, an officer claimed to have witnessed him handing something to another inmate. He states that the officer determined that what he had handed the inmate tested positive for MDMB.

### A.      Legal Standard for Due Process in Prison Disciplinary Hearings

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. Id. at 556. However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections. Id. at 571-71 n. 9. Nevertheless, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; and (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Wolff, 418 U.S. at 564, 566, 570.

In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence." Hill, 472 U.S. at 454. In reviewing a decision for "some evidence," courts

1  "are not required to conduct an examination of the entire record, independently assess witness
2  credibility, or weigh the evidence, but only determine whether the prison disciplinary board's
3  decision to revoke good time credits has some factual basis." Id. at 455-56.  The Ninth Circuit
4  has further held that there must be "some indicia of reliability of the information that forms the
5  basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)
6  (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not
7  enough evidence to meet Hill standard.)

      **B.**     **Review of Claims**

9      Petitioner contends that the evidence was insufficient to find him guilty.  He claims a
10 thorough investigation was not conducted and the hearing officer failed to weigh the evidence in
11 accord with his due process rights.  He also claims the guilty finding was not beyond a
12 reasonable doubt.

13     First, the Court notes that Petitioner has cited the wrong standard of proof.  In reviewing
14 a disciplinary finding, the standard of proof beyond a reasonable doubt is inapplicable. Rather, it
15 is sufficient if "some evidence" supported the guilty finding. Hill, 472 U.S. at 454.

16     Second, the Court cannot review the claim as presented, because Petitioner has failed to
17 provide an adequate record.  He has not provided a copy of the Rules Violation Report or any of
18 the state court decisions.  Thus, the Court cannot determine whether the state court applied the
19 correct standard, whether that determination was unreasonable, and whether he sustained any
20 loss of credits directly affecting the length of his sentence.

21     For the foregoing reasons, the Court concludes that Petitioner fails to state a *prima facie*
22 claim that any of his due process guarantees were violated.  Wolff, 418 U.S. at 554, 556, 570.

23 **III.**    **FAILURE TO NAME A PROPER RESPONDENT**

24     A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state
25 officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules
26 Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
27 California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having
28 custody of an incarcerated petitioner is the warden of the prison in which the petitioner is

incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner names Wasco State Prison as Respondent. Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). The Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir. 1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**IV.     ORDER**

For the foregoing reasons, the Court HEREBY ORDERS that the petition is DISMISSED with leave to file an amended petition. Petitioner is advised that the amended petition should be entitled "First Amended Petition" and must reference the instant case number. Petitioner is GRANTED thirty (30) days from the date of service of this order to file said amended petition. He is further advised that failure to comply with this order will result in a recommendation that the matter be dismissed.

IT IS SO ORDERED.

Dated:   **June 11, 2024**                              /s/ *Sheila K. Oberto*
                                                                   UNITED STATES MAGISTRATE JUDGE

4