# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK PATTON,<br><br>    Petitioner,<br><br>    v.<br><br>WASCO STATE PRISON,<br><br>    Respondent. | Case No. 1:24-cv-00669-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR FAILURE TO PROSECUTE |

On June 12, 2024, the Court issued an order dismissing the petition with leave to file an amended petition. (Doc. 2.) On August 8, 2024, Petitioner filed a motion for extension of time to file an amended petition. (Doc. 5.) On August 13, 2024, the Court granted Petitioner's motion and extended the deadline for filing an amended petition to September 10, 2024. (Doc. 6.) The deadline has passed, and Petitioner has failed to file an amended petition. Accordingly, the Court will recommend the petition be dismissed.

**DISCUSSION**

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v.

1

1  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with
2  prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or
3  failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53 54 (9th Cir.
4  1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260
5  61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of
6  complaint); Carey v. King, 856 F.2d 1439, 1440 41 (9th Cir. 1988) (dismissal for failure to
7  comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
8  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with
9  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of
10 prosecution and failure to comply with local rules).  In determining whether to dismiss an
11 action for lack of prosecution, failure to obey a court order, or failure to comply with local
12 rules, the court must consider several factors: (1) the public's interest in expeditious resolution
13 of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
14 defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
15 availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260 61;
16 Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423 24.

17 The Court finds that the public's interest in expeditiously resolving this litigation and the
18 Court's interest in managing the docket weigh in favor of dismissal because this case has been
19 pending in this Court since June 10, 2024.  The third factor, risk of prejudice to defendants,
20 also weighs in favor of dismissal because a presumption of injury arises from any unreasonable
21 delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The
22 fourth factor, public policy favoring disposition of cases on their merits, is outweighed by the
23 factors in favor of dismissal.  Finally, there are no less drastic alternatives.

**ORDER**

25 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to
26 assign a District Judge to the case.

**RECOMMENDATION**

28 Based on the foregoing, the Court HEREBY RECOMMENDS that this action be

2

1  DISMISSED for Petitioner's failure to comply with a court order and failure to prosecute.

2      This Findings and Recommendation is submitted to the assigned District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after service of the Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 20, 2024**                    /s/ *Sheila K. Oberto*
                                                                 UNITED STATES MAGISTRATE JUDGE